JUDGE SULLIVAN

'08 CIV 5313

Haluk Savci, Esq.
Mason Tender District Council of
Greater NY
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

RECEIVED
JUN 10 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS      :
DISTRICT COUNCIL WELFARE FUND,      :
PENSION FUND, ANNUITY FUND, and     :
TRAINING PROGRAM FUND               :
                                    :
                                    :
                                    :           **Complaint**
           and                      :           Civil Action
                                    :           No. –
                                    :
ROBERT BONANZA, as Business Manager :
of the MASON TENDERS DISTRICT COUNCIL :         ECF CASE
OF GREATER NEW YORK,                :
           Plaintiffs,              :
                                    :
        -against-                   :
                                    :
BAROCO CONTRACTING CORP.            :
           Defendant.               :
-------------------------------------------------------------x

The TRUSTEES OF THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND (hereinafter" the MTDC Fringe Benefit Funds" or "the Funds"), with their principal place of business at 520 Eight Avenue, Suite 600, New York, New York 10018, and ROBERT BONANZA, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK (hereinafter referred to as the "Union" or "the MTDC") with their principal place of business at 520 Eight Avenue, Suite 650, New York, New York 10018, by and through their undersigned counsel, for their complaint against BAROCO CONTRACTING CORP.("Baroco" or the

"Defendant"), with its principal place of business at 577 Saw Mill Road, Yonkers, NY 10701, allege as follows:

## INTRODUCTION

1. This is an action to confirm an arbitration award issued pursuant to arbitration procedures adopted by the trustees of employee fringe benefit funds regarding the collection of contributions from delinquent participating employers. The action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C § 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 185, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 9 of the Federal Arbitration Act (the "Arbitration Act"), 9 U.S.C. § 9, for monetary and injunctive relief. This action arises from the failure of the defendant, Baroco, to comply with an arbitration award ordering it to pay interest due on late payments to the MTDC Fringe Benefit Funds as required by ERISA, the applicable collective bargaining agreement between Baroco and the Union, the Amended and Restated Agreements and Declarations of Trust governing the Plans, and the Arbitration Procedures thereto.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1145; and Section 9 of the Arbitration Act, 9 U.S.C. § 9.

3. Venue lies in this district pursuant to Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Company transacts business in this judicial district and because the plaintiffs maintain their office in this judicial district. Venue also lies in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred in this judicial district, including the arbitration hearing.

## STATEMENT OF FACTS

The Parties

4.  Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1)). The purpose of the Funds, among other things, is to provide fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018.

5.  Plaintiff Robert Bonanza is the Business Manager of the union and brings this action for dues and contributions in his representative capacity pursuant to Section 12 of the General Associations Law of the State of New York.

6.     Upon information and belief, Baroco is, and at all times relevant to this action, has been, a corporation organized and existing under the laws of the State of New York. It maintains its principal place of business at 577 Saw Mill Road, Yonkers, NY 10701. At all times relevant to this action, Baroco was an "employer" within the meaning of Section 101(2) of the LMRA, 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7.     The applicable collective bargaining agreement and the Trust Agreements are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145.

8.     The Funds are third-party beneficiaries of the 2002-2005 Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement (the "CBA") between Baroco and the MTDC that by its terms renews automatically requires contributions to be made to the Plans.

10.    The CBA establishes the terms and conditions of employment for all bargaining unit employees at Baroco.

11.    The CBA requires Baroco to pay contributions to the Funds for all employees covered by the CBA at the rates set forth therein. In addition to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds pursuant to the CBA are also designated as the authorized collection agent for the Mason Tenders District Council and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose

by the Union and for which the contributions are required to be remitted on a weekly basis to the Funds.

12. The CBA requires the contributions owed to the Plans to be paid weekly for the pay period immediately preceding for all hours worked by employees covered under the agreement.

13. The CBA permits the Trustees of the Plans to take any legal action for the purpose of collecting the delinquency form the employer.

14. The CBA further provides that in the event legal action is taken, the Employer is responsible for:

   a. unpaid contributions;

   b. interest on unpaid contributions determined by using the rate prescribed under section 6621 of Tile 26 of the United States Code;

   c. an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages;

   d. reasonable attorneys' fees and costs of the action;

   e. such other legal or equitable relief as the court deems appropriate.

15. The CBA further provides that the Employer agrees to and shall be bound by all terms and conditions of the Trust Agreements, regulations or By-Laws adopted by the Funds' Trustees and any amendments to Trust Fund Agreements.

## THE TRUST AGREEMENTS

16. Baroco is an "Employer" as defined by the Trust Agreements. Baroco is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers, such as Baroco, pay contributions monthly no later than the due dates

set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

17.    The Trust Agreement further provides the Trustees have the power to demand, collect and receive Employer contributions and other monies due including interest on late payments and are authorized to take steps, including the institution of legal or administrative proceedings, to collect such monies including initiating arbitration proceedings against delinquent employers.

18.    In addition, pursuant to the Trust agreements, in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action.

19.    Under duly adopted amendments to the Trust Agreements for the Welfare, Pension, and Annuity Funds, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

## THE ARBITRATION AND AWARD

20.    On April 30, 2007, the Funds and MTDC forwarded Baroco a demand and intent to conduct an arbitration before Arbitrator Robert Herzog for interest due on late fringe benefit contributions and other contributions owed for the periods June 2005 through December 2005 and February 2006 through May 2006. Arbitrator Herzog subsequently gave notice to the Funds and Baroco he would conduct a hearing to adjudicate the matter on June 8, 2007.

21.    The hearing was duly conducted on June 8, 2007. The Funds presented evidence of late amounts made by Baroco to the Funds for benefits paid for periods June 2005 through December 2005 and February 2006 through May 2006, and Baroco's subsequent refusal to pay interest on

these late payments to the Funds. No representative appeared on behalf of Baroco. After hearing all evidence presented, the Arbitrator forwarded to the parties on June 12, 2007 an Opinion and Default award .

22. Arbitrator Herzog's Award found in favor of the Plaintiffs, awarding $4,800.25 to the Plaintiffs as follows:

| | |
|---|---|
| Interest on the late benefit payments (6/05-12/05) | $1,101.64 |
| Interest on the late benefit payments (2/06-5/06) | $1,648.61 |
| Legal Cost and Fees | $650.00 |
| Arbitration Costs | $1,400.00 |

The Arbitrator further directed the Defendant to pay the Funds interest on the total award to accrue at the rate of 10 (ten) percent per annum from the date of the Award.

23. Following the issuance of the Opinion and Default Award, the Funds made a demand for payment on Baroco. No payments were made towards the Award.

## FIRST CAUSE OF ACTION

24. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 23 above. Section 9 of the Federal Arbitration Act, 9 U.S.C. §9, provides, in relevant part, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration…then at any time within one year after the award is made any party to the arbitration may apply to the court…for an order confirming the award."

25. Plaintiffs have demanded payment of the sums found to be due under the June 12, 2007 Opinion and Award, and Baroco has failed to pay none of the $4,800.25 plus interest directed under the Award.

26. Plaintiffs now timely seek to confirm the Award, and to render the Award a judgment because of the Company's failure to make full payment directed by the Award.

## SECOND CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 26 above.

27. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement…[to] make such contributions in accordance with the terms and conditions of such plan or such agreement".

28. Section 502(g)(2) of ERISA, 29 U.S.C. §1132, requires that in any action by a fiduciary to enforce Section 515 of ERISA in which judgment is awarded in favor of the plan, "the court shall award the plan-

    a.    the unpaid contributions;

    b.    interest on the unpaid contributions;

   c.   an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (a);

   d.   reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

   e.   such other legal or equitable relief as the court deems appropriate."

29. Defendant's failure to timely remit contributions to the Funds for the periods June 2005 to December 2005 and February 2006 to May 2006 and Defendant's failure to pay interest on these late payments constitutes a breach of the terms of the CBA and the Plans' Trust Agreements and a violation of Section 515 of ERISA.

30. As a result of this failure, Defendant owes the Plaintiffs $4,800.25 plus accruing interest.

### THIRD CAUSE OF ACTION

Plaintiffs repeat and re-allege the allegation set forth in paragraphs 1 through 30 above, as though set forth in full herein.

31. By failing to abide by the terms of the Award, Defendant Baroco failed to assume its obligations under the labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

32. As a result of this failure, Defendant Baroco is liable to the Plaintiffs under the Arbitration Award and Plaintiff seeks timely confirmation and enforcement of the Arbitration Award for interest on late benefit contributions, and attorneys' fees and costs, plus accruing interest on the total award amount.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter a judgment:

a. Declaring that Defendant is required to pay the Plaintiffs the unpaid interest on late benefit payments made for periods June 2005 to December 2005 and February 2006 to May 2006 May , 2005, reasonable attorney's fees and other costs incurred in this action; and

b. Confirming and entering judgment upon the Award of Arbitrator Robert Herzog, forwarded June 12, 2007, in all respects; and

c. Ordering Defendants to pay the Plaintiffs the unpaid interest on the late benefit fund contributions for the periods June 2005 to December 2005 and February 2006 to May 2006, reasonable attorney's fees and other costs incurred in this action as the CBA, the Plans' Trust Agreements and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) and Arbitrator Herzog 's Award require; and

d. Granting such other further legal and equitable relief as this Court may deem just and proper

New York, NY
Dated: June 10, 2008

By: _____

Haluk Savci, Esq.(HS-0853)
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212)452-9407
hsavci@masontenders.org

Attorney for the Plaintiffs